UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINFA VEGA,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | No. 2:26-cv-02493-DC-JDP<br><br>ORDER DENYING MOTION TO REMAND<br>(Doc. No. 4) |

This matter is before the court on Plaintiff's motion to remand this case to the Sacramento County Superior Court. (Doc. No. 4.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 7.) For the reasons explained below, the court will deny Plaintiff's motion to remand.

**BACKGROUND**

Plaintiff Ninfa Vega alleges that on or around November 25, 2025, Plaintiff purchased a 2025 Chevrolet Silverado for $83,891.64 (the "Subject Vehicle"). (Doc. No. 1-2 at 5.) Plaintiff alleges that after Plaintiff took possession of the Subject Vehicle, it exhibited defects to its electrical system, which render the vehicle non-conforming with Defendant's express and implied warranties. (*Id.*) Plaintiff delivered the Subject Vehicle to Defendant for repair or replacement, but Defendant allegedly failed to conform the Subject Vehicle to Defendant's express or implied warranties or to otherwise comply with its obligations under California law. (*Id.* at 5–10.)

Plaintiff alleges three causes of action against Defendant, relating to Defendant's alleged violations of California's Song-Beverly Consumer Warranty Act. (*Id.*)

On June 16, 2026, Plaintiff filed the complaint initiating this action in the Sacramento County Superior Court against Defendant General Motors LLC. (*Id.* at 3–4.) On July 16, 2026, Defendant answered Plaintiff's complaint in the superior court.[1] (Doc. No. 1–3.)

On July 17, 2026, Defendant filed a notice of removal removing the case to this court on the basis of diversity jurisdiction. (Doc. No. 1.)

Plaintiff filed the pending motion to remand on August 14, 2026.[2] (Doc. No. 4.) On August 28, 2026, Defendant filed an opposition to the pending motion. (Doc. No. 5.) Plaintiff filed a reply thereto on September 3, 2026. (Doc. No. 6.)

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal

---

[1] In Defendant's notice of removal, Defendant states that as of the date that notice was filed, the Sacramento County Superior Court had not yet docketed Defendant's answer. (Doc. No. 1 at 2.) The court notes that Defendant has not yet provided the court with a conformed copy of the answer Defendant filed in Sacramento County Superior Court.

[2] In connection with Plaintiff's motion to remand, Plaintiff requests the court take judicial notice of remand orders from other districts in the Ninth Circuit that Plaintiff cites in his motion. (Doc. No. 4-12.) However, the court need not take judicial notice of court orders, which the court already considered as legal authorities. *See*, *Lucero v. Wong*, No. 10-cv-1339-SI, 2011 WL 5834963 (N.D. Cal. Nov. 21, 2011) ("It is unnecessary to request that the court judicially notice published cases from California and federal courts as legal precedent; the court routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed."); *Phillips v. Nat'l City Bank of Ind. First Franklin Div.*, 462 F. App'x 666, *1 n.1 (9th Cir. 2011) ("Judicial notice is not required for the court to consider the cited opinions as matters of law and potentially persuasive precedents."). Accordingly, the court will deny Plaintiff's request for judicial notice (Doc. No. 4-12).

jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

## ANALYSIS

### A. Amount in Controversy

Pursuant to 28 U.S.C. § 1332, the party seeking to remove must demonstrate complete diversity among the parties and an amount in controversy in excess of $75,000. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)). Complete diversity is not disputed by either party here. Instead, Plaintiff contends that the court does not have jurisdiction over this matter because Defendant fails to establish that the amount-in-controversy exceeds $75,000. (Doc. No. 4 at 6–13.) Conversely, Defendant avers that an evaluation of the actual damages, civil penalties, and attorneys' fees at issue in this case supports Defendant's contention that the amount in controversy exceeds $75,000, such that court has jurisdiction over this matter. (Doc. No. 5 at 10–21.)

Where it is unclear from the face of the complaint whether the amount in controversy requirement is satisfied, the removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The amount in controversy includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales*, 840 F.3d at 648–49). Conclusory allegations as to the amount in controversy are insufficient. *Id.* (citing *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). In assessing the amount in controversy, the court may consider

allegations in the complaint and in the notice of removal, as well as evidence submitted by the parties relevant to the amount in controversy. *Id.*

1. Civil Penalties

The parties do not dispute the amount of actual damages at issue in this action, but they do dispute whether civil penalties should be included in the amount in controversy. In Defendant's notice of removal, Defendant calculates its estimated amount of actual damages by subtracting the mileage offset, "third-party service contracts, manufacturer's rebate, and negative equity" from the purchase price of the Subject Vehicle, which Plaintiff alleges in the complaint. (Doc. Nos. 1 at 4–5; 1-2 at 5.) Accordingly, Defendant estimates actual damages of $52,891.64. (Doc. No. 1 at 5.) Plaintiff does not dispute whether Defendant's calculation of actual damages is correct but rather contests Defendant's position that a civil penalty of two-times the amount of actual damages should be included in the amount in controversy. (*Id.*; Doc. No. 4 at 6–7.)

Pursuant to the Song-Beverly Act, where a plaintiff proves that a defendant's failure to comply with the Act was willful, a plaintiff may recover "a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c).

In Plaintiff's complaint, regarding the first and third causes of action, Plaintiff alleges Defendant's "willful failure to comply with its responsibilities" and argues that "Plaintiff is entitled . . . [to] a civil penalty of up to two times the amount of actual damages." (Doc. No. 1-2 at 7, 10.) Despite this, Plaintiff contradicts that position by arguing in Plaintiff's reply that Defendant has "supplie[d] no case-specific facts demonstrating that a civil penalty is available or that the maximum penalty is reasonably in controversy." (Doc. No. 6 at 3.) Defendant avers that including a calculation of civil penalties in its estimation of damages is proper, and Defendant estimates that two times the amount of actual damages, in addition to actual damages, is $158,674.92. (Doc. No. 5 at 10–12.)

District courts in the Ninth Circuit have found that including an estimation of civil penalties in the calculation of the amount in controversy is appropriate where a plaintiff alleges willful conduct by the defendant and requests civil penalties in his or her prayer for relief. *Midile v. Gen. Motors LLC*, No. 2:25-cv-03480-JAM-CKD, 2026 WL 1470626, at *3 (E.D. Cal. May

26, 2026); *Wario*, 2026 WL 2254353 at *3 (finding it proper to double the amount of actual damages to estimate civil penalties and including that number in the total amount in controversy); *Fang v. Ford Motor Co.*, No. 1:22-cv-0561-JLT-SAB, 2022 WL 3444715, at *7 (E.D. Cal. Aug. 17, 2022) ("[t]his Court and others previously determined that when—as here—a plaintiff alleges the action was willful and the prayer for relief includes a request for civil penalties 'as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages,' inclusion of the civil penalties in a calculation of the amount in controversy is appropriate.").

Here, Plaintiff alleges willful misconduct against Defendant multiple times in the complaint. (Doc. No. 1-2 at 7, 10.) As noted above, alongside those allegations, Plaintiff also requests civil penalties amounting to "up to two times the amount of actual damages." (*Id.*) Accordingly, based on Defendant's estimate of $52,891.64 in actual damages, the court finds that the civil penalties at issue in this case could be twice that amount, up to $105,783.28. The evidence submitted by Defendant is sufficient to prove by a preponderance of the evidence that the amount in controversy, $158,674.92, exceeds the $75,000 jurisdictional threshold. Thus, the court concludes it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[3]

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion to remand (Doc. No. 4) is DENIED; and

/////

/////

/////

/////

/////

/////

/////

---

[3] Because the court finds that Plaintiff's alleged, estimated actual damages and civil penalties exceed the jurisdictional threshold, it need not address the parties' arguments relating to attorneys' fees on the amount in controversy.

2. Plaintiff's request for judicial notice (Doc. No. 4-12) is DENIED.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dena Coggins
United States District Judge